[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN JUDGMENT
The present matter before the court involves a defendant's motion to reopen judgment, pursuant to General Statutes Sec. 52-212 and Practice Book Sec. 377.
Pursuant to Practice Book Sec. 377, any judgment rendered upon a default or nonsuit may be opened within four months of judgment, by a moving party prejudiced thereby. There must be a showing that: "(1) a good defense existed at the time judgment was rendered; and (2) the party seeking to set aside judgment was prevented from appearing because of CT Page 8096 mistake, accident or other reasonable cause." (Emphasis supplied). Costello v. Hartford Institute of Accounting, Inc., 193 Conn. 160, 167, 475 A.2d 310 (1984); Practice Book Sec. 377; General Statutes Sec. 52-212.
In the present action, the defendant claims that he reached a settlement or compromise with the plaintiff by assignment of certain accounts receivable. However, as argued by the plaintiff's counsel at short calendar on August 30, 1993, a settlement was never actually realized and the account receivable that were assigned to the plaintiff were subject to substantial federal tax liens.
The file is well-papered and it is clear from the record, that although the defendant was representing himself pro se prior to the default judgment, he was well informed as to the nature of the proceedings. The defendant is clearly prejudiced by the default judgment, however, he has failed to satisfy the second prong, under Practice Book Sec. 377, in proving that the default judgment was rendered as a result of mistake, accident or other reasonable cause.
Therefore, the court denies the defendant's motion to reopen judgment based on the rationale set forth above.
It is so ordered.
HIGGINS, J.